**Information to identify the case:**

| Debtor 1 | Crystal Rives | | Social Security number or ITIN | xxx–xx–3473 |
| | First Name   Middle Name   Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN | _ _ _ _ |
| | | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | District of New Jersey | | | |
| Case number: | 20–16805–KCF | | | |

# Order of Discharge                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Crystal Rives

9/4/20                                                                 **By the court:**    Kathryn C. Ferguson
                                                                                            United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of New Jersey

In re:  
Crystal Rives  
    Debtor

Case No. 20-16805-KCF  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 1     Date Rcvd: Sep 04, 2020  
                        Form ID: 318     Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 06, 2020.
```
db              +Crystal Rives,    513 William St.,    Trenton, NJ 08610-6144
518842550        Bridgecrest,    Mesa, AZ 85209
518847873       +Quicken Loans, LLC,    C/O KML Law Group,    701 Market Street Suite 5000,
                  Philadelphia, PA 19106-1541
518842551        Quickn Loans,    Detroit, MI 48226
518842552       +Top Notch,    c/o Wiley Lavender,    216 Amboy Ave,    Metuchen, NJ 08840-2440
518842553        Valley National Bank,    Wayne, NJ 07470
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Sep 04 2020 23:52:55     U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 04 2020 23:52:52     United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
518842688       +EDI: RMSC.COM Sep 05 2020 03:18:00      Synchrony Bank,    c/o of PRA Receivables Management, LLC,
                  PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 3
```

     ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 06, 2020                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 4, 2020 at the address(es) listed below:
```
              Brandon L. Martin    on behalf of Debtor Crystal  Rives annsikora@verizon.net
              Denise E. Carlon    on behalf of Creditor   Quicken Loans, LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Karen E. Bezner    Kbez@bellatlantic.net,    NJ61@ecfcbis.com;KarenEBeznerEsq@aol.com
              Karen E. Bezner    on behalf of Trustee Karen E. Bezner Kbez@bellatlantic.net,
               NJ61@ecfcbis.com;KarenEBeznerEsq@aol.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```